# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-30040 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TYRONE D. GOODIN | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court are Defendant Tyrone D. Goodin's Motion for Bond Pending Appeal [Doc. No. 72] and Supplemental Motion for Bond Pending Appeal [Doc. No. 74]. For the following reasons, Defendant's motions are DENIED.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2004, law enforcement officers attempted to execute an arrest warrant on Thomas Goodin, brother of Defendant. The Ouachita Parish Sheriff's Department obtained information that Thomas Goodin was residing at 924 Buckhorn Bend Road. After contacting Entergy, officers learned that the utilities were in the name of Thomas Goodin. Officers also went to the residence and observed the truck he was purportedly driving parked to the left side of the house.

Officers knocked on the door of the Buckhorn Bend Road house, but got no response. Some of the officers believed that they heard noises in the house; others did not. Officers forced open the door and searched only in areas where a person could be hiding. During this search, officers saw marijuana in an open box under the bed in one of the bedrooms and also saw a scale commonly used to measure controlled substances. Officers further noticed mail addressed to Thomas Goodin at the

Buckhorn Bend house.

That same day, after officers completed their search, they obtained a search warrant and returned to observe the house. After waiting several hours for someone to return, they executed the search warrant and found drug paraphernalia, marijuana, and two firearms. One firearm was a sawed-off shotgun, and the other had been reported stolen. Since no one was at home when the search warrant was executed, officers left a copy of the warrant and a list of items seized.

On the morning of April 20, 2004, at approximately 4:30 A.M., based on information received from patrol deputies, officers returned to the Buckhorn Bend house still looking for Thomas Goodin. Instead, officers found Defendant and his girlfriend inside the house. Both were arrested on charges stemming from the marijuana and firearms that had been seized earlier. Defendant denied knowledge of the marijuana, but admitted that the sawed-off shotgun belonged to him.

On September 22, 2004, Defendant was charged with knowingly possessing an unregistered firearm (Count 1) and receiving stolen firearms (Count 2). In Count 3, the Government sought to seize the firearm in question.

On October 1, 2004, Defendant made an initial appearance before Magistrate Judge Karen L. Hayes. He was released after conditions of release were set, and he posted an unsecured $25,000 bond. On October 20, 2004, he was arraigned and pled not guilty

On January 13, 2005, Defendant filed a Motion to Suppress, which was supplemented on January 28, 2005. On February 9, 2005, the Government filed a memorandum in opposition to the Motion to Suppress. On February 14, 2005, Magistrate Judge Karen L. Hayes held a hearing on Defendant's Motion to Suppress.

On March 10, 2005, Magistrate Judge Hayes recommended denial of the Motion to Suppress.

Defendant filed an objection on March 24, 2005. On April 18, 2005, the Court adopted Magistrate Judge Hayes' Report and Recommendation and denied Defendant's Motion to Suppress.

On August 19, 2005, the Court held a change of plea hearing, and Defendant pled guilty to Count 1 of the Indictment. As part of the factual basis for the plea, Defendant admitted the following:

> On April 19, 2004, law enforcement officers executed a search warrant at a residence in which the defendant was located in Monroe, LA. (Mr. Goodin resides at 20 Park Terrace and owns his home. His mother rented the house although he sometimes paid the rent).
>
> The loaded sawed-off shotgun was found in a closet. This is the firearm described in Count 1 of the Indictment. It had not been registered in the National Firearms Registration and Transfer Record.
>
> The defendant was arrested. After arrest, he stated the firearm was his; that he had bought the shotgun from an unknown male on the street; and that he thought it was a hunting gun even though he knew the barrel was very short.

However, Defendant reserved his right to appeal the Court's Ruling on his Motion to Suppress.

On January 3, 2006, Defendant was sentenced to a term of imprisonment of 18 months and ordered to report to the facility designated by the Bureau of Prisons by March 20, 2006.

On the date of sentencing, January 3, 2006, Defendant filed a Notice of Appeal and Motion for Bond Pending Appeal. On January 4, 2006, Defendant filed a Supplemental Motion for Bond Pending Appeal. The Government did not file any memoranda in opposition to the motions.

## LAW AND ANALYSIS

Under 18 U.S.C. § 3143(b), a person who has been convicted of or pled guilty to an offense and sentenced may not be released pending appeal unless he establishes the following four factors:

(1) that he is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purposes of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment.

*United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) (interpreting 18 U.S.C. § 3143(b)).

The Court agrees that Defendant does not pose a flight risk or a danger to others and that his appeal has not been taken for the purpose of delay. Therefore, the issue is whether Defendant's appeal raises a substantial question of law or fact.

The Fifth Circuit has defined a "substantial question" as (1) a question that is novel, has not been decided by controlling precedent, or which is fairly doubtful, (2) a close question that could be decided the other way, and (3) a question that raises "a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023-24 (5th Cir. 1985) (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985) and *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

In this case, Defendant has appealed the Court's Ruling on his Motion to Suppress. Although Defendant's arrest was brought about under unusual circumstances, the Court can find no substantial issue of law or fact for appeal. Based on the facts set forth above, the officers properly entered the Buckhorn Bend house based on a reasonable belief that Defendant's brother, Thomas Goodin, was inside. Once inside, they discovered marijuana in plain sight when they were looking only in the areas where Defendant's brother might be hiding. Officers discovered the firearms at issue after obtaining a search warrant. Finally, officers returned to the house on the reasonable belief that Thomas Goodin was there. Although it is unfortunate for Defendant that officers instead found him

and his girlfriend, the Court can find no violation of Defendant's constitutional rights based upon these events, nor any basis for suppressing the evidence of the firearms, which he later admitted belonged to him.

**CONCLUSION**

For the foregoing reasons, Defendant Tyrone D. Goodin's Motion for Bond Pending Appeal [Doc. No. 72] and Supplemental Motion for Bond Pending Appeal [Doc. No. 74] are DENIED. As previously ordered, Defendant is to report to the designated Bureau of Prisons' facility on March 20, 2006, before 2:00 P.M.

MONROE, LOUISIANA, this 30th day of January, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE